William E. Levin, SB No. 104,631
Levin & Dicterow
668 N. Coast Highway, #1264
Laguna Beach, CA 92651
949-613-5131
Attorneys for Plaintiff,
Coast Acceptance Corporation dba Coast and Coast Automotive Finance

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Coast Acceptance Corporation DBA Coast and Coast Automotive Finance, a California Corporation, | **Civil Case No.** **8:16-CV-00995** |
| Plaintiff, | |
| v. | **PLAINTIFF COAST ACCEPTANCE CORPORATION'S COMPLAINT FOR TRADEMARK AND TRADE NAME  INFRINGEMENT, UNFAIR COMPETITION, CYBERPIRACY, FALSE ADVERTISING, AND OTHER RELIEF** |
| Coast Financial Counseling, DBA Coast Financial Auto, a California Corporation, Mark Christopher Photoglou, an individual, | |
| and Does 1-10 Inclusive, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff Coast Acceptance Corporation, doing business as "Coast," "Coast Acceptance," or "Coast Automotive Finance" ("COAST or Plaintiff"), by and through its counsel, alleges for

its Complaint against Defendant Coast Financial Counseling sometimes doing business as Coast and/or Coast Financial Auto ("Defendants") as follows:

## NATURE OF THE ACTION

1.   This is an action for unfair competition under federal and California law, trade mark and trade name infringement pursuant to 15 U.S.C. §§ 1125, false advertising under federal and California law, cyberpiracy under federal law, and related claims, based on Defendants' deliberate imitation and use of Plaintiff's mark and name COAST, and confusingly similar marks and names, and the other wrongful acts of Defendants alleged herein.

## THE PARTIES

2.   Plaintiff Coast Acceptance Corporation, doing business as COAST and as COAST Automotive Finance (hereinafter referred to as "COAST"), is a corporation, organized and existing under the laws of the State of California, having its principal place of business at 1300 Bristol St. N. #260 , Newport Beach, California 92660.

3.   On information and belief, Defendant Coast Financial Counseling, doing business as COAST and as COAST Financial Auto ("hereinafter referred to as "Defendant COAST"), is a corporation organized and existing under the laws of the state of California, and has or had a principal place of business at 2222 Michelson Drive, Suite 222-6120, Irvine, California 92612, and/or 2101 Business Center Drive, Irvine, California 92612, and does business in this judicial district, including Orange County.

4.   On information and belief, Defendant Mark Christopher Photoglou (hereinafter "Photoglou" or "Defendant Photoglou") is an individual residing in Orange County, California, at  706 Acacia Avenue, Corona Del Mar, CA 92625, who personally directed, controlled, and participated in the wrongful acts complained of herein by the Defendant COAST, and is the alter ego of defendant COAST, its President, and its sole or primary shareholder.

5.   Plaintiff is currently unaware of the true names and capacities of the Defendants sued herein under the names "Does 1 through 10" and therefore refers to said parties by such fictitious names. Plaintiff is informed and believes that each of the defendants sued under such

fictitious names was in some manner responsible for Plaintiff's damages, whether as an agent, employee, partner, joint venturer, assignee, successor, or alter ego to Defendant or in some other capacity. Plaintiff will amend this complaint to allege the true names of the fictitiously named defendants when the same are ascertained.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this lawsuit under 28 U.S.C. § 1331, and 1338 because the suit arises under the trademark laws of the United States, including 15 U.S.C. §§ 1125, and pendant jurisdiction of any and all state causes of action under 28 U.S.C. § 1367. This Court has personal jurisdiction over each of the Defendants because, inter alia, on information and belief, each Defendant transacts business in the Central District of California, including in Orange County. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim for trademark and trade name infringement, unfair competition, false advertising, and related claims, occurred in this District.

7.      Plaintiff is informed and believes that in doing the acts alleged herein, each of the Defendants was the agent, principal, employee, representative, or alter ego of the other Defendants and/or acted with one or more of the other Defendants' knowledge, consent and approval, and acted within the course and scope of his agency or representative capacity. As such, each of the Defendants is responsible for the actions of the other Defendants, as alleged herein.

8.      Plaintiff is informed and believes and on that basis alleges that each of the Defendants has advertised, sold and/or distributed its services in this judicial district.

## FACTS

## OVERVIEW OF PLAINTIFF COAST

9.      Plaintiff COAST is a motor vehicle sales finance company specializing in non-prime automobile loans. COAST purchases installment sales contracts from independent and franchised dealers who have non-prime consumers purchasing new and pre-owned automobiles.

COAST has a well-established market presence serving the automobile finance industry for more than fifteen years. The mission of COAST is to provide independent automobile dealers with the most flexible, personalized and competitive financing programs in the Southern California region. COAST has been very successful in its car loan and financing business, particularly with sub-prime automotive lending programs for consumers and automobile dealer and has established substantial goodwill and reputation with its COAST mark and trade name.

### PLAINTIFF'S HISTORY AND BEGINNINGS

10.     COAST first started by its chief executive officer, Matthew Morsey ("Matt"), as a simple dream on the back of napkin in March of 2002. The napkin was small but its founder's dream was enormous. Matt's son was two years old and his daughter was four years old at the time. With two toddlers constantly pulling at Matt's bootstraps, he just knew he could never let these little blonde haired kids down. Matt spent several sleepless nights thinking up different ways that he could provide financial options for people who really needed it. Matt wanted to do this all while providing a better living for his family.

11.     As a partner at an investment-banking firm based out of Houston, Texas, the only thing Plaintiff's founder was certain about was the fact that he needed to get away from corporate America and work closer to home. Those toddlers needed COAST's founder more than any corporate office ever would.

12.     In March 2002 Matt had breakfast with a friend at the Four Seasons hotel in Newport Beach. The friend meticulously explained an entire business model option on the back of a napkin. Later that morning, they went over to Matt's house, and several cups of coffee later, they had formulated a plan to put Matt's dream into action.

13.     After hashing out the details, Matt left the safety of the investment banking partnership in Texas and started putting his plan into action. He wasn't sure it would work but that was a risk Matt was willing to take for his family. The first thing Matt did was come up with a name. He lived near and loved the coast in Newport Beach, so Matt came up with the name

"COAST." The term COAST had nothing to do with Matt's new financing business but symbolized his dream to him.

14.     From that moment on, Matt spent all of his time putting together a pool of funds with the help of friends, close business associates, but mostly people he played beach volleyball with at local beaches scattered throughout Newport Beach. They all liked the name COAST and decided to invest. Their belief in Matt's dream is what propelled him and his COAST dream toward success. Matt couldn't let his friends or family down.

15.     From this simple dream and humble beginning, the rest is history. COAST has grown exponentially over the years, and has been able to provide financial options for people who truly need it. COAST has also provided job opportunities for local residents in the process. Matt's simple dream on the back of that napkin is now splattered across the lives of many. The COAST family business has turned into a successful and well-known business which includes Matt at its helm, and his wife, Lisa, beside him as COAST's chief financial officer. COAST now employs over 12 people and annually generates more than 5 million dollars in revenues under the COAST mark and name.

## PLAINTIFF COAST'S ACTIVITIES

16.     Coast was first incorporated under its distinctive name on or about October 4, 2001, and has used COAST and COAST ACCEPTANCE as its service mark and trade name continuously since that time in Orange County and in interstate commerce in connection with its car loan and financing business. A copy of Plaintiff COAST's articles of incorporation filed on October 4, 2002, is attached as **Exhibit 8.**

17.     COAST is the owner of California Service Mark Registration No. 120290 issued on September 24, 2015, for the mark COAST, a true and correct copy of which is attached as **Exhibit 1.**

18.     COAST is also the owner of a pending application to register its service mark in the United States Patent and Trademark Office, Serial No. 86541641, filed on February 20, 2015.  This complaint will be amended upon issuance of the trademark to reflect the registration

itself, which would then have an effective date as of the filing date set forth above. A copy of the pending application is attached hereto as **Exhibit 2.**

19.    The COAST trademark and trade name symbolize the business goodwill of Plaintiff, and are an intangible asset of substantial commercial value.

20.    One of COAST's primary goals has been to build up a strong trademark and trade name that its customers can and will associate with Plaintiff and its innovative quality products and stellar customer service.

21.    As a result of COAST's long usage and extensive advertising and marketing of its mark and trade name, the consuming public and COAST's customers, have come to recognize COAST as its trade name and service mark in the field of auto financing and lending, including the sub-prime marketplace in Orange County, in Southern California, and elsewhere.

22.    Since at least May 2002, and long prior to the acts of the Defendants herein alleged, Plaintiff has used its distinctive and unique COAST mark and trade name alone, or in combination with other words such as "acceptance" and descriptive words such as "auto financing," in connection with the promotion, marketing and advertising of its services for sale in the United States, including in this judicial district. These services are hereinafter sometimes collectively referred to as the "COAST services".  More specifically, Plaintiff first began using COAST as the primary part of its service mark and trade name, COAST Acceptance, in approximately May 2002 in Orange County, and engaged then, and since then, in the same business as the Defendants later began using the identical mark and name COAST and confusingly similar marks and names.  Coast was first incorporated under its distinctive name on or about October 4, 2002, and has used COAST and COAST Acceptance as its service mark and trade name continuously since that date in Orange County and its interstate commerce in connection with its car loan and financing business, particularly sub-prime automotive lending programs for consumers and automotive dealers, has been very successful in that field, and has established goodwill and reputation associated with its COAST mark and trade name.

23.     Sales, advertising and promotion of COAST's services which use COAST's unique and distinctive trademark and/or trade name since inception have been substantial in Plaintiff's niche marketplace, including in Orange County and Southern California.

24.     As a result of such continuous use and extensive sales, advertising and promotion of the COAST trademark and trade mark by Plaintiff, its services associated with them enjoy recognition and notoriety in the United States in Plaintiff's niche market place, and are recognized by the relevant consuming public as emanating from Plaintiff.

**PRIOR PROTECTION OF THE COAST NAME AND MARK**

25.     Plaintiff COAST has diligently protected its name and mark COAST in the past, including but not limited to stopping use of the name and mark COAST Auto Finance by a third party in about early 2015. At that time, Plaintiff COAST had learned that a company was using the confusingly similar name and mark COAST Auto Finance for a similar automotive financing business, in the city of Anaheim, Orange County. Plaintiff COAST demanded, on or about March 3, 2015, that COAST Auto Finance discontinue all use of the confusingly similar name, which it agreed in writing to do within a short period of time, changing its name to Tarco Finance, Inc. as shown in **Exhibit 6** to this complaint, a copy of a web page from the former COAST Auto Finance's new web page. Coast Auto Finance also agreed to, and did, during the "phase out" period for its confusingly similar name, put a disclaimer on its web site, stating, as shown in Exhibit 6, "TARCO FINANCE, INC. IS NOT AFFILIATED IN ANY WAY WITH COAST ACCEPTANCE CORPORATION." A copy of the Settlement Agreement, an April 12, 2016 fully executed letter, is attached hereto as **Exhibit 7**.

26.     A recent Google search on or about February 9, 2016 for the words "coast finance auto" disclosed only three companies using a confusingly similar COAST name and mark, namely, Plaintiff COAST, Defendant COAST, and the previous infringer, COAST Auto Finance. The latter's phase out of COAST to Tarco Finance is now complete, and all use of  the domain name, coastautofinance.com  was scheduled be completely discontinued, pursuant to its written settlement agreement with Plaintiff COAST, no later than on or about April 30 , 2016. A copy of

the Google search results is attached as **Exhibit 9**.

<b>OVERLAP WITH DEFENDANT COAST'S ACTIVITIES</b>

27.     Plaintiff COAST, as well as Defendant COAST, both market, promote, advertise, offer for sale, and sell, their essentially identical services, under the confusingly similar names and marks, including the prominent use of COAST, on the Internet and through their web sites. Attached hereto are **Exhibit 3** are representative pages from Plaintiff COAST's web site, showing Plaintiff's prominent use and promotion of its COAST mark and name to advertise, market, promote, offer for sell, and sell, automotive financing services. Plaintiff COAST has used the domain name CoastAcceptance.com since at least as early as about _____, to promote, market, advertise, offer for sale, and sell, its automotive financing services under the COAST mark and name, and long prior to Defendant COAST's adoption of the confusingly similar domain name, CoastFinancialAuto.com, as shown in **Exhibit 4** below. COAST is the dominant part of both parties' domain names on their web sites, and the mark and name COAST is used in conjunction with "weak" or descriptive or generic terms like "automotive finance" or "financial auto."

28.     COAST recently became aware that Defendants were using their COAST trademarks and trade name, and confusingly similar names and marks, to sell Defendant COAST's services in a directly competing manner in the same marketplace as Plaintiff COAST, and are actually causing confusion in the marketplace as a result.

29.     COAST does business with automotive dealers and customers throughout Southern California, including Los Angeles, Orange, Riverside, and San Diego counties, and did so long prior to the acts of Defendant COAST complained of below. One of Plaintiff's automotive dealers is Velez Auto Sales, until approximately September 2015, and, on information and belief, this dealer has now become a customer of Defendant COAST. Plaintiff COAST discontinued its relationship with Velez Auto Sales due to issues relating to problems getting proper documents from them.

<b><u>DEFENDANT'S WRONGFUL ACTIVITIES</u></b>

30.     On information and belief, in or about January, 2016, Plaintiff became aware of Defendants and its services and marketing activities increasing in the marketplace, and its escalation of its activities in the parties' overlapping niche marketplace, and became aware that its infringing COAST name and mark, and confusingly similar terms and marks such as COAST Financial Auto, were causing actual confusion in the marketplace.

31.     There have been recent instances of actual confusion in the marketplace, including an instance of actual confusion on February 4, 2016 and one the week before, in which customers of potential customers have contacted Coast although it was apparently the Defendant they intended to contact.

32.     On information and belief, there is also actual confusion occurring at Defendants' place of business and in other ways which are presently unknown to Plaintiff COAST, but would be within the knowledge and information of Defendant COAST.

33.     Upon information and belief, Defendants have made little if any effort to differentiate their name and mark in the marketplace from Plaintiff's name and mark, but instead have demonstrated their intent to confuse customers and potential customers and others in the marketplace into thinking that Defendants is Plaintiff COAST, or in some way licensed, authorized by, or affiliated with Plaintiff COAST.

34.     Defendants use a confusingly similar name and mark, including COAST and COAST Financial Auto, and, upon information and belief, will continue to do so until and unless enjoined by this Court, thereby causing irreparable injury to Plaintiff COAST and its reputation.

35.     A review of Defendants' marketing materials indicates that it has used the name and mark COAST in a manner similar as used by the Plaintiff.  Additionally, in Defendants' marketing materials, the name and mark COAST is often or usually emphasized in a bolder and larger font which is also in a specialized script font.  Various pages from Defendant's website, as it appeared prior the February 10, 2016 cease and desist letter to them, are attached hereto as **Exhibit 4.** As shown, COAST is used in large, bold letters, and emphasized, on that page, and on all banners at the top of each page of Defendant COAST's web site.

36.     On information and belief, Defendants recently obtained a domain name for www.coastfinancialauto.com, with knowledge of Plaintiff COAST's prior use of the COAST mark and name, and that domain was likely to cause confusion in the marketplace, particularly as both Plaintiff and Defendant COAST market extensively on the Internet, including via their respective web sites, and their customers rely upon and use the Internet and their web sites extensively in connection with the parties' services promoted and advertised under the COAST and confusingly similar marks on the Internet and on the parties' web sites.

37.     Defendants concurrent usage of the trade name and service mark COAST Financial Auto, and COAST by itself, or emphasized in combination with descriptive or generic terms like "financial," "auto," or "financial auto," in the same marketplace for the same business and services, and even to the same dealers and consumers, is likely to cause confusion as to the source of services or business or and affiliation, license, sponsorship, or endorsement between Plaintiff and its business and services, and Defendants' business and services.

38.     Upon information and belief, Defendants do not use distinctive or well-known company names or other trademarks in their marketing and promotion of their services, but use solely or primarily the dominant mark and name COAST. The use of descriptive or generic terms such as "financial" or "auto" or "financial auto," only increases the likelihood of confusion and the deception of purchasers and potential purchasers for the parties' services. Dealers and consumers would rely primarily, or exclusively, upon the dominant term COAST in both parties' confusingly similar marks and names.

**DEFENDANT COAST'S SECRETIVE ACTIVITIES AND CONCEALMENT OF THEIR IDENTITY AND LOCATION, INCREASING CONFUSION AND DAMAGES**

39.     Based upon Plaintiff COAST's investigation, in fact Defendants appear to be largely hidden in the marketplace as to their identity and locations. For example, the address shown on Defendant COAST's web site, 2222 Michelson Drive, is merely a mailing address, a post office box, not a physical address, and as shown in Exhibit 4, this is the only address they

provide to the public when they come to Defendant COAST's web site. Similarly, there is no individual name shown on Defendant COAST's web site to contact. A Google search on February 9, 2016 (see Exhibit 9) also only shows the same post office box address.

40.     Plaintiff's investigation, which continued almost until the filing of this complaint, also shows that Defendant COAST apparently changed its address, on all publicly available corporate information, which is very limited, to 2101 Business Center Drive in Irvine; however, the investigation revealed that they are not currently at that address either, and according to other businesses at that address, Defendant COAST had vacated those premises up to a year or so previously.

41.     Accordingly, it would be very difficult, if not impossible, for anyone trying to find Defendant COAST's actual physical location, if any, or its principals or employees if any, to do so, and they can only be contacted through a web site not disclosing their true address or ownership or principals. All of this concealment by Defendant COAST only tends to increase the likelihood of both confusion, and damage, to Plaintiff COAST and it's reputation.

## DEFENDANTS' INTENTIONAL INFRINGEMENT

42.     Upon information and belief, Defendants have intentionally adopted and are using a confusingly similar trade name and service mark for the purpose of causing confusion and trading on Plaintiff's prior usage, rights, and reputation and goodwill.  Because Defendants are in the same geographical area as the Plaintiff and in the same industry, it is essentially certain that Defendants were aware of Plaintiff's prior use and rights when they began to use a confusingly similar mark and name in the same geographical areas.

43.     Upon information and belief, Defendants' wrongful actions, including use of a confusingly similar mark and name, and domain names, were for the purpose of, and accomplished the goal of, causing confusion in the marketplace, trading upon Plaintiff COAST's goodwill and reputation, and riding upon the coat tails of Plaintiff COAST in the marketplace.

44.     Defendants use of COAST or COAST Financial Auto constitutes an infringement of Plaintiff's common law and statutory rights under federal law, including but not limited to

Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a), and under California law, in its trade name and service mark COAST and Coast Acceptance, unfair competition, and false advertising, and appears to be a deliberate infringement of Plaintiff's rights.

45.    Plaintiff sent a formal letter dated February 15, 2016 to Defendants, a copy of which is attached hereto as **Exhibit 5**, demanding that they cease and desist immediately from any and all use of the name COAST by itself or in bold or emphasized in Defendant's sale or offering of automotive finance or lending field, or COAST Finance Auto as their trade name or mark, or on their web site, marketing materials or otherwise, and immediately cancel or transfer their domain name.  The letter was sent in an effort to avoid to avoid litigation, and informed Defendant COAST of the legal remedies available if a lawsuit were filed in the event that Defendants failed to stop such infringing activities.

46.    However, Defendants sent a written reply dated February 25, 2016 in which Defendant COAST denied its infringing activities, and, to the best of Plaintiff's knowledge subsequently as well, refused to stop their infringing activities claiming, falsely, there could be no likelihood of confusion.  Defendant COAST, through their counsel, stated: "Any similarities in the logo were entirely inadvertent." Defendants went on to talk about a claim that, when the received the infringement warning, **Exhibit 4**, they allegedly "were already in the process of approving an alternative logo in a fashion that does not bear likeness Coast Automotive Finance," and would "not emphasize 'Coast' at the expense of the other two words in its name (Financial Auto)."

47.    In fact, Plaintiff's February 10, 2016 letter (**Exhibit 4**) clearly alleged infringement of the name and mark COAST, including using Coast Financial Auto, whether or not COAST was emphasized as in COAST Financial Auto. Plaintiff COAST had demanded, in part, that Defendant COAST "immediately cease and desist from any and all use of COAST by itself or in bold or emphasized in your sale of automotive finance or lending field, or COAST Finance Auto as your trade name or service mark, on your web site, marketing materials or otherwise, and immediately cancel or transfer your domain name." [Exhibit 4, pages 2-3].

48.     Moreover, Defendant COAST created a red herring in its response, as Plaintiff COAST was never complaining about the little separate, and inconsequential, roadway "logo" which Defendant COAST was saying it was in the process of changing anyway. The logo is irrelevant to the likelihood of confusion between the respective COAST names and marks.

49.     Defendant COAST's counsel further noted that "my client intends to defend its rights to its ownership…" and would not stop or transfer ownership of the infringing domain name, which it had illegally registered.

50.     Defendant COAST did apparently change the separate logo about which Plaintiff COAST had no complaint, and appears to have recently decreased emphasis on the word COAST by itself, as shown in pages from its revised web site as of May 25, 2016; but these changes are insufficient to avoid likely of confusion, demonstrate an admission that Defendant COAST was in fact infringing, and that it had knowledge of such infringement. And Defendant COAST has primarily simply decreased somewhat the emphasis on the word "Auto" while putting COAST FINANCIAL in bold, larger letters and emphasis.

51.     In addition, Plaintiff COAST is still entitled to an injunction even as to the original infringing materials since nothing legally prevents Defendants from reverting to the earlier usage, and the revised usage continues to infringe on Plaintiff's COAST name and mark, including Coast Financial Auto, whether or not COAST continues to be emphasized.

52.     A Google search on May 25, 2016 shows Defendant COAST as the first six entries, followed immediately by Plaintiff COAST, and Plaintiff COAST's location and building and contact information in a large photograph to the right of Defendant COAST's "hits" on Google. The separate visual logo changes, and the alleged decrease on COAST by Defendant, will obviously have little if any impact on the likelihood of confusion between the parties and in the marketplace. The material on the right of Defendant COAST's hits even inquires about ownership of Plaintiff COAST's information, as if this might be owned by Defendant COAST.

53.     Clearly Defendants intend to continue their wrongful, and deliberate, activities until and unless enjoined by this Court, and do so willfully and with full knowledge of their

actions and the consequences.

**PLAINTIFF'S DAMAGES AND DEFENDANTS' PROFITS**

54. Upon information and belief, as a direct and proximate result of Defendants' activities, Plaintiff COAST has suffered actual damages, and will continue to suffer them until Defendants' wrongful activities are enjoined, in an amount yet to be determined, including but not limited to damages to Plaintiff's reputation, loss of good will, lost sales and revenues, diminution in the value of Plaintiff's business, subject to proof at trial and future retention of expert witnesses regarding such damages and other damages set forth in this complaint, but believed to be in an amount of not less than $500,000.

55. Upon information and belief, as a direct and proximate result of Defendants' activities, Coast will need to conduct a corrective advertising campaign to alleviate existing and ongoing future confusion in the marketplace, in an amount to be determined, but believed to be not less than $ 250,000.

56. Upon information and belief, as a direct and proximate result of Defendants' activities, Defendants have made gross sales (and profits thereon) from its wrongful activities as alleged herein, which belong in equity and should be turned over to Plaintiff, both as unjust enrichment from Defendants' wrongful acts, and/or as a measure of Plaintiff's damages, believed to be in amount not less than $ 300,000.

57. Upon information and belief, and subject to discovery and testimony, the foregoing damages and Defendant's gross sales, less any allowable expenses they establish in determining profits, will exceed $1,000,000, not including treble damages based on Defendants' willful infringement, and/or punitive damages due to Defendants' acts which were fraudulent, malicious, or oppressive under California law, with gross or reckless disregard of Plaintiff's known rights.

**ATTORNEYS' FEES**

58. As a direct and proximate result of Defendants' activities, Coast has been forced to hire attorneys to defend and enforce its rights and to bring the present lawsuit, and to incur

costs to prosecute this lawsuit, and has obligated itself to pay attorneys' fees and litigation costs to pursue this lawsuit against Defendants.

59.     This is an exceptional case, and one of deliberate infringement, such that Plaintiff is entitled to an award of attorney fees under the federal trademark laws, including, 15 U.S.C. § 1117(a), and other relevant statutory and case law.

## PUNITIVE DAMAGES

60.     Plaintiff is entitled to punitive damages under California law as a result of Defendant's wrongful acts as alleged herein, which are fraudulent, malicious,  and oppressive, and with reckless disregard for the rights of Plaintiff, in violation of Cal. Civil Code § 3291, which are expected to be sought in an amount of at least $ 1,000,000 (one million dollars).

## INJUNCTIVE RELIEF

61.     Defendants' acts have caused and will continue to cause irreparable harm to Plaintiff unless restrained by this Court.  COAST has no adequate remedy at law. Accordingly, Plaintiff is entitled to a temporary restraining order, preliminary and permanent injunction, enjoining and restraining Defendants, during the pendency of this action and permanently thereafter, from using,  advertising, marketing, promoting, , distributing,  offering for sale or selling Defendant COAST's services using the term COAST, COAST Financial Auto, or any other confusingly similar mark or term.

62.     There is a substantial likelihood that Plaintiff will prevail on the merits.  The mark adopted by Defendants after Plaintiff's use is confusingly similar and will falsely indicate an association, approval, or adoption of Defendants' services by Plaintiff, or a license or an affiliation between the companies.

63.     If the court does not grant a preliminary injunction, Defendants will continue their activities that infringe Plaintiff's rights in their service mark and name.

64.     Plaintiff will suffer irreparable injury if the court does not enjoin Defendants from using the infringing trade mark and selling the infringing products and/or services..

65.     Defendant will not suffer undue hardship or loss as a result of the issuance of a

preliminary injunction.

66.     Issuance of a preliminary injunction would not adversely affect the public interest. In fact, the public will be benefited by not being confused as to any possible association between Plaintiff's and Defendants' services or businesses..

67.     Plaintiff asks this Court to set this request for preliminary injunction for hearing at the earliest possible time and, after hearing the request, issue a preliminary injunction against Defendant, and a temporary restraining order.

## CLAIMS FOR RELIEF

### Count 1

**(Trademark and Tradename Infringement and Unfair Competition under the Lanham Act)**

68.     Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 67 of the Complaint as though fully set forth herein.

69.     Defendant's wrongful use of the mark and name COAST, and confusingly similar marks and names such as COAST Financial Auto, falsely indicates to consumers that Defendant's products and services originate from, are approved by, are sponsored by, are licensed by, or are affiliated with Plaintiff or are otherwise associated with its services.

70.     Defendant's wrongful use of the above COAST mark in the manner described above is likely to cause and has in fact caused confusion, to cause and in fact has caused mistake, and/or is likely to deceive and has in fact has deceived customers and potential customers of the parties by suggesting some affiliation, connection, or association of Defendant with Plaintiff.

71.     Defendants' actions, as set forth above, constitute trademark infringement of a non-federally registered mark and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125, all to the damage of Plaintiff as described herein.

### Count 2

**(False Advertising Under the Lanham Act)**

72.     Plaintiff repeats and incorporates by reference the statements and allegations in

paragraphs 1 to 71 of the Complaint as though fully set forth herein.

73.     Defendants' actions, as set forth above, constitute false and fraudulent advertising in violation of the Lanham Act, 15 U.S.C. § 1125, all to the damage of Plaintiff as described herein and previously alleged. Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 38 of the Complaint as though fully set forth herein.

## Count 3

### (Unfair Competition and False Advertising - California Common Law

74.     Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 73 of the Complaint as though fully set forth herein.

75.     Defendants' acts, as set forth above, constitute unfair competition and false advertising under the common law of California, all to the damage of the Plaintiff as previously alleged.

## Count 4

### (Unfair Competition and False Advertising - California Business and Professions Code)

76.     Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 75 of the Complaint as though fully set forth herein.

77.     Defendants' acts, as set forth above, constitute unfair competition  and false advertising, and unfair and deceptive trade practices, as defined in California Business and Professions Code §§ 17200-17210, and §17500 et seq., all to the damage of Plaintiff as previously alleged.

## Count 5

### (Cyberpiracy under the Lanham Act, 15 USC section 1125(d)

78.     Plaintiff repeats and incorporates by reference the statements and allegations in paragraphs 1 to 76 of the Complaint as though fully set forth herein.

79.     Defendants' acts, as set forth above, constitute cyberpiracy, in violation of 15

U.S.C. section 1125(d), including the use of the confusingly similar domain name with a bad faith intent to profit from Plaintiff's mark and trade name, all to the damage of Plaintiff as previously alleged.

80.     Defendants' domain name, coastfinancialauto.com, should be cancelled and expunged from the register of domain names, or transferred to Plaintiff COAST.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks that this Court grant judgment against Defendants for the following relief:

A.           Defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, be temporarily restrained, and preliminarily and permanently enjoined from its continuing wrongful acts, including but not limited to the following:

i.           Using the name "COAST" or any other confusingly similar designation, or any confusingly similar trademark, in connection with their products, or related goods or services, or infringing upon Plaintiff's trademark.

ii.           Competing unfairly with Plaintiff in any manner, including unlawfully adopting or infringing on the COAST trademark and name, or adopting or using any other trademarks or designations that are confusingly similar to Plaintiff's trademark and name.

iii.           Conspiring with, aiding, assisting, or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (i) and (ii) above.

B.           Defendants, their officers, agents, servants, employees, and attorneys, and all persons in active concert or participation with any of them, deliver for destruction, or show proof of destruction of, any and all products, labels, signs, prints, packages, wrappers, receptacles, and advertisements, and any other materials in its possession or control that depict or reference the infringing trademark or any other confusingly or substantially similar mark, and any materials or articles used for making or reproducing the same, as provided by 15 U.S.C. § 1118.

C.           Defendants file with the court and serves on Plaintiff, within 30 days after

the entry and service on Defendants of an injunction, a report in writing and attested to under penalty of perjury setting forth in detail the manner and form in which Defendants have complied with the provisions of subparagraphs (A) and (B) above.

D.        Plaintiff recover all damages it has sustained as a result of Defendant's infringement, unfair competition, false advertising, and other wrongful activities.

E.        Plaintiff be awarded treble damages under 15 U.S.C. § 1117(b), for willful infringement and as otherwise allowed, up to the maximum allowed by law.

F.        Plaintiff be awarded punitive damages under California law.

G.        An accounting be directed to determine Defendant's profits resulting from its infringement, unfair competition, false advertising, and other wrongful acts, and that the profits be paid over to Plaintiff, increased as the court determines is appropriate to the circumstances of this case.

H.        Plaintiff be awarded statutory damages under 15 U.S.C. § 1117(d).

I.        The court declare this case an exceptional case of intentional infringement, and award Plaintiff its reasonable attorney fees for prosecuting this action pursuant to 15 U.S.C. § 1117(a), and as the prevailing party, and as otherwise allowed by law.

J.        Plaintiff recover its costs of this action and pre-judgment and post-judgment interest, and attorneys' fees, to the fullest extent allowed by law.

K.        An award of punitive damages to Plaintiff.

L.        Plaintiff receive all other relief the court deems just and appropriate.


Respectfully submitted,


Dated:  May 25, 2016

LEVIN & DICTEROW



By____/s/_____
William E. Levin

1
2
3

### DEMAND FOR JURY TRIAL

4          Plaintiff hereby demands a trial by the jury on its claims herein and all issues and claims

5   so triable in this action.

6                                              Respectfully submitted,

7

8   Dated:   May 25, 2016

                                               LEVIN & DICTEROW

9
10
11                                             By__/s/_____

12                                             William E. Levin

13                                             Attorneys for Plaintiff COAST

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>VERIFICATION OF COMPLAINT</u>

I, MATTHEW MORSEY, am the President and Chief Executive Officer of Plaintiff COAST Acceptance Corporation, a California corporation, and declare under penalty of perjury under the laws of the United States and the State of California, that the facts set forth in the foregoing Complaint are true and correct based on my personal knowledge, except that where indicated to be based on belief and information, I believe them to be true and correct..

Dated:  May 25, 2016

_____
Matthew Morsey